# United States District Cour E·GOV

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CLAUDIA TINOCO | § | |
| | § | |
| V. | § | CASE NO. 4:05CV367 |
| | § | (Judge Brown/Judge Bush) |
| PAUL RALEEH, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion to Dismiss (1) Plaintiff's § 1983 Retaliation Claim
and (2) All Claims Against Defendant Collin County, Texas Pursuant to Rule 12(b)(6) (Docket
#7).  Having considered the motion, Plaintiff's response, and Defendants' reply, they Court finds
as follows.

## Facts

Defendant, Judge Paul Raleeh, is a Justice of the Peace in Justice Court One in Collin
County, Texas.  Plaintiff began working for Judge Raleeh as a clerk in the Summer of 2003.
Plaintiff, a Hispanic female, claims that she was subjected to a sexually hostile work environment
while working for Judge Raleeh.  She claims she was subjected to sexually oriented gestures,
jokes, and remarks, as well as unwanted touching and sexual advances.  She further claims that
Judge Raleeh created a racially hostile work environment wherein she was often subjected to
racially charged remarks and stereotypes.   Along the same note, Plaintiff claims she was
discriminated against because of her national origin.

Plaintiff was terminated in September of 2003.  She claims that subsequent to her
termination, Defendants retaliated against her by giving unfair and negative references to
prospective employers.  Plaintiff filed the present complaint on September 19, 2005 alleging

claims for: (1) Retaliation Pursuant to § 1983 and the Fourteenth Amendment; and (2) National Origin Discrimination in Violation of the Fourteenth Amendment Against Paul Raleeh.   On October 25, 2005, the Defendants moved to dismiss Plaintiff's § 1983 claim and all claims against Defendant Collin County.

### Standard

Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly.  For a complaint to be dismissed for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491 (5th Cir. 1976).

Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support her complaint.  Moreover, sufficient procedures are available to defendants to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support her complaint.  *Reeves*, 532 F.2d at 494.

### Analysis

Defendants first move to dismiss Plaintiff's claim for retaliation pursuant to § 1983 and the Fourteenth Amendment.  The Court notes that Plaintiff has alleged no claim under Title VII, apparently because she failed to exhaust her administrative remedies with the Equal Employment

Opportunity Commission ("EEOC").[1]  She therefore attempts to bring a claim for retaliation, which would usually arise under Title VII, under § 1983 and the Fourteenth Amendment.

While plaintiffs may bring suit for racial discrimination under both Title VII and the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs may not bring claims for retaliation under the Equal Protection Clause.  *Sharp v. City of Houston*, 960 F. Supp. 1164, 1177 (S.D. Tex. 1997); *see also Bernheim v. Litt*, 79 F.3d 318, 323 (2nd Cir. 1996) (no Court has recognized a claim for retaliation under Equal Protection clause following complaints of racial discrimination); *Ratliff v. Dekalb County*, 62 F.3d 338, 340-41 (11th Cir. 1995) (retaliation claims may be brought under the First Amendment or Title VII, but not under the Equal Protection clause).  Furthermore, § 1983 creates no substantive rights, but merely creates a remedy for the rights that it designates. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997).  And where Title VII provides the exclusive remedy, as is the case with retaliation claims such as Plaintiff's, § 1983 claims are disregarded. *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1575-76 (5th Cir. 1989).

The Court finds that Plaintiff has failed to state a claim for retaliation.  No cause of action exists for retaliation under the Equal Protection Clause of the Fourteenth Amendment.  Plaintiff has apparently failed to comply with the administrative procedures of Title VII and is therefore barred from bringing her retaliation claim under the appropriate statute.  The Court will not, and cannot, allow Plaintiff to circumvent the requirements of Title VII and bring her retaliation claim under § 1983 and the Fourteenth Amendment.  The Court therefore finds that Plaintiff's retaliation claim should be dismissed with prejudice.

---

[1] While Plaintiff timely filed her EEOC charge, Defendants contend, and Plaintiff does not dispute, that Plaintiff failed to file suit in this Court within 90 days of receiving her Notice of Right to Sue.  Furthermore, Plaintiff made no allegations of retaliation in her EEOC charge.

Defendants next argue that all claims against Collin County should be dismissed.  Plaintiff's only remaining claim is titled "National Origin/Race Discrimination in Violation of the Fourteenth Amendment Against Paul Raleeh."  Although Collin County is not named in the title of the claim or specifically referenced as a liable party in the claim, Plaintiff argues that the claim includes Collin County because Judge Raleeh is sued in his official capacity.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity...should be treated as suits against the State"); *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996) (suit against county official in his official capacity is, in reality, a suit against the county).  While Plaintiff mentions in the "Parties" section of her complaint that she is suing Judge Raleeh in his individual and official capacities, her intention to sue Judge Raleeh in his official capacity for the discrimination claim is not entirely clear.  Nevertheless, the Court will consider Plaintiff's discrimination claim as though properly brought against Judge Raleeh in his official capacity, and therefore, as though properly brought against Collin County.

In order to establish county liability under § 1983, Plaintiff must establish that: 1) a policymaker acted; 2) based on an official policy or custom; and 3) in violation of a constitutional right, which violation was caused by the policy or custom.  *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).  For county liability to exist in an official capacity suit, the county's policy or custom must have played a role in the violation.  *Hafer*, 502 U.S. at 25.  Individual actions of state employees will not trigger county liability, as a county cannot be held liable under a *respondeat superior* theory.  *Rivera*, 394 F.3d at 247.  The actions of a mere county employee cannot trigger county liability, but rather a plaintiff must allege that a policymaker with final policymaking authority was responsible for the violations.  *Id.*  Whether an individual is a policymaker with respect

4

to a certain sphere of activity is a question of state law.  *Bennett*, 74 F.3d at 586.

Defendants contend that Judge Raleeh, as a Justice of the Peace, was not an official policymaker of Collin County sufficient to trigger county liability.  The Court agrees.  The Fifth Circuit has found that, unlike that of a County Judge, the job of a Texas Justice of the Peace does not involve policymaking functions, but primarily involves the adjudication of small claims.  *Bigford v. Taylor*, 834 F.2d 1213, 1222; *see also Familias Unidas v. Briscoe*, 619 F.2d 391(5th Cir. 1980) (stating that only certain county elected officials, such as county judges, sheriffs, and treasurers have policymaking authority).  As a Justice of the Peace, the Court finds Judge Raleeh did not have policymaking authority.

Defendants also argue that Plaintiff has failed to plead that Judge Raleeh's alleged actions were based on any county policy or authority.  Once again, the Court agrees.  The actions complained of in the discrimination claim are the actions of Judge Raleeh.  The County is only mentioned once as Plaintiff's former employer, and there is no allegation that any of the racial discrimination alleged was based on policy or custom.  In fact, there is not even a clear allegation that Judge Raleeh was acting in his official capacity.  The Court therefore finds that Plaintiff's claims against Collin County should be dismissed.[2]

## RECOMMENDATION

Based upon the foregoing, the Court recommends that Plaintiff's claim for "Retaliation Pursuant to § 1983 and the Fourteenth Amendment" be DISMISSED WITH PREJUDICE.  The

---

[2]Plaintiff, in the alternative, has requested leave to amend her complaint.  The Court will discuss the method and deadline for amending pleadings at the January 13, 2006 scheduling conference.

Court further recommends that Plaintiff's claim against Collin County for "National Origin/Race Discrimination in Violation of the Fourteenth Amendment" be DISMISSED.

Within  ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of January, 2006.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

6